# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YASIR MEHMOOD,

        Plaintiff,

vs.

CAROLYN K. DELANEY, *et al.*,

        Defendants.

Case No. 2:15-cv-01818-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on September 21, 2015.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens*. Plaintiff sues 206 defendants for events related to a federal criminal case pending against him in the Eastern District of California. *Docket #1-2*. His complaint sets forth numerous Fourth Amendment claims stemming from his arrest in California. At the time Plaintiff filed his application, he was temporarily incarcerated at Nevada Southern Detention Center. However, Plaintiff informed the Court on November 2, 2015 that he is now housed in the Sacramento County Main Jail in Sacramento, California. Plaintiff complaint seeks monetary damages and injunctive relief.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Instant Complaint**

   **A.  Nevada Defendants**

Plaintiff asserts claims against numerous officers[1] of the Nevada Southern Detention Center ("NDSC Officers").  He alleges that the NDSC Officers unlawfully confined him, thereby unconstitutionally depriving Plaintiff of his liberty without due process.  Plaintiff further asserts that the NDSC Officers had a duty to determine whether it was appropriate to continue to detain Plaintiff, which included a review of the underlying warrant's validity and to bring Plaintiff before a judicial officer to review the probable cause determination.  He asserts that their failure to do so constituted violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.  However, Plaintiff has not cited any authority supporting his position.  Furthermore, the Court notes that Plaintiff was only temporarily confined at the Nevada Southern Detention Center for federal criminal charges arising out of an arrest made in the Eastern District of California.  As a result, the Court will dismiss Plaintiff's claims against the NDSC without prejudice.  Plaintiff may attempt to amend his complaint to allege a viable claim against the NDSC Officers.

   **B.  All Other Defendants**

As noted above, Plaintiff's complaint rests exclusively on claims that his Fourth Amendment right against unreasonable seizures has been violated due to an allegedly improper arrest warrant issued in California.  The Court finds that Plaintiff has failed to state a claim for which relief can be

---

[1] These include: Officer Cook, Officer Titsworth, Officer Rodriguez, Officer Tidswell, Officer Maciuce, Officer Lime, Officer Chism, Officer Marshal, Officer Kampen, Officer McCulloch, Officer Connors, Officer Mr. Barbier, Officer Ms. Barbier, Officer Mr. Tigrett, Officer Ms. Tigrett, Officer Cheney, Officer Holiday, Officer Trieb, Officer Sample, Officer Bowman, Officer Bench, Lieutenant Cheney, Officer Dearborne, Officer Larosh, Lieutenant Perrin, Lieutenant Gieni, Lieutenant Harland, Warden Collins, Officer Sedgwick, Officer Gomez, Officer Neuhart, Officer Lynch, Officer Defave, Officer Savega, Officer Mallwitz, Officer Bunton, Officer Lindamood, Officer Weaver, Officer Pallen, Officer Slack, Officer Foshee, Officer Mattie, Officer Holland, Officer Macdougall, Officer Archuleta, Officer Downey, Officer Gonzales, Officer Rogers, Officer Butner, Officer Sholz, Officer Oriente, Officer Smith, and Officer Sugar.

granted because this Court lacks jurisdiction over the persons or entities he needs to sue. Plaintiff asserts claims against California federal court judges, California Assistant United States Attorneys, the United States Probation Office and its various officers, United States Pretrial Services and its various officers, the State Bar of California, various officers of the California police departments, the State of California and Sacramento County, the United States Attorney General, the United States Postal Service and its various officers, the Corrections Corporation of America and its various officers, the President of the United States, the Department of Justice, and the United States of America ("California Defendants").[2] The proper forum for Plaintiff's complaint is California as he is currently incarcerated in California and he seeks relief from his federal criminal proceedings in California. As such, the Court will recommend that Plaintiff's complaint be dismissed as to all other defendants in this matter based on lack of jurisdiction.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

---

[2] This list is not exhaustive. *See Complaint (#1-2), "Attachment #1," pgs. 2–5.*

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend to attempt to allege viable claims against the Nevada resident defendants. Plaintiff shall have until **Monday, May 9, 2016** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the California Defendants be **dismissed** for lack of jurisdiction.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of April 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge